IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) CASE NO. 3:12-cv-01031-WDS-SCW ) |
| Plaintiff, | ) C O M P L A I N T ) |
| v. | ) JURY TRIAL DEMAND ) |
| COMPREHENSIVE BEHAVIORAL HEALTH CENTER OF ST. CLAIR COUNTY, INC., | ) ) ) ) |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Pamela Perry who was adversely affected by such practices. Defendant failed to provide Pamela Perry with a reasonable accommodation for her disability and failed and refused to rehire her because of her disability and in retaliation for her requests for reasonable accommodation and complaints about Defendant's failure to provide such accommodation.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.    The employment practices alleged to be unlawful were committed within the United States District Court for the Southern District of Illinois.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant has continuously been an Illinois corporation doing business in the State of Illinois and the City of East St. Louis, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Pamela Perry filed a charge with the Commission alleging violations of Titles I and V of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Since at least September 1, 2009, until October 4, 2010, Defendant engaged in unlawful employment practices at its East St. Louis facility, in violation of Sections 102(b)(1) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(b)(1) and (b)(5)(A), and Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a) as follows:

A. Ms. Perry was employed by Defendant for 23 years, working first as a Therapeutic Aide for 11 years and for the last 12 years as a PSR Associate.

B. Ms. Perry was diagnosed with Multiple Sclerosis (MS) in 2002.

C. In June 2002, Ms. Perry submitted a doctor's note to Defendant requesting permission to wear athletic shoes to work because of numbness, pain and tingling in her feet caused by her disability.  Defendant granted her request until March 2010, when she was disciplined for wearing athletic shoes in violation of the dress code.

D. Over time, Ms. Perry's disability caused her symptoms to worsen, including cramping in her arms and hands and difficulty in concentrating under chaotic conditions.

E. Ms. Perry's PSR job required her to fill out paperwork on a daily basis which became increasingly difficult for her to do because of her disability.

F. Ms. Perry's performance was rated very good or better until she was assigned to a new supervisor in September 2009.

G. It was widely known that Ms. Perry had MS.  Ms. Perry's supervisors and other management officials were aware of her disability.

H. From September 2009 until March 2010, Ms. Perry's supervisor counseled her and disciplined her for not completing her paperwork on time.

I. On March 13, 2010, Ms. Perry requested reasonable accommodation for her disability in writing and suggested several possible accommodations including being given a

quiet office in which to work, being provided with voice-activated computer software to complete her paperwork, being allowed to dictate her paperwork, and being allowed to wear athletic shoes.

J. On May 25, 2010, Ms. Perry provided Defendant with a note from her doctor requesting the same accommodations that Ms. Perry had requested in writing on March 13, 2010.

K. On or about June 30, 2010, Defendant's Human Resource Director wrote Ms. Perry a letter stating that it would provide her with a private office and denying all other requested accommodations. Thereafter, Defendant allowed Ms. Perry to work in a vacant office for two weeks and then returned her to her old office where she again had difficulty in completing her paperwork.

L. From March 2010 to September 2010, Ms. Perry continued to struggle with completing her paperwork in a timely fashion and her supervisor continued to counsel and write her up for performance deficiencies with respect to completing paperwork.

M. On August 29, 2010, Ms. Perry wrote a letter to Defendant's Human Resources Director complaining about Defendant's failure to provide reasonable accommodation for her disability. On August 31, 2010, Defendant informed Ms. Perry that she was being laid off.

N. After being laid off, Ms. Perry applied for a vacant position as a Therapeutic Aide, the job she had held for 11 years. She was not hired. Instead, Defendant hired a less qualified applicant, who was not disabled.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Pamela Perry of equal employment opportunities and otherwise adversely affect her status as an employee because her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Pamela Perry.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to provide reasonable accommodation to employees with disabilities, and from failing to hire or rehire employees because of their disabilities or in retaliation for complaining about disability discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Pamela Perry by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Ms. Perry.

D. Order Defendant to make whole Pamela Perry by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraph 8 above, including job search expenses, out of pocket medical expenses which would have been covered by Defendant's health insurance plan and expenses associated with the loss of her home as a result of not being rehired by Defendant in amounts to be determined at trial.

      E.    Order Defendant to make whole Pamela Perry by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain and suffering, in amounts to be determined at trial.

      F.    Order Defendant to pay Pamela Perry punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

      G.    Grant such further relief as the Court deems necessary and proper in the public interest.

      H.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    P. DAVID LOPEZ
                    General Counsel

                    JAMES L. LEE
                    Deputy General Counsel

                    GWENDOLYN YOUNG REAMS
                    Associate General Counsel

                    BARBARA A. SEELY
                    Regional Attorney

                    /s/ Melvin D. Kennedy_____
                    MELVIN D. KENNEDY, 40430MO
                    Senior Trial Attorney
                    EQUAL EMPLOYMENT OPPORTUNITY
                    COMMISSION
                    St. Louis District Office
                    1222 Spruce St., Room 8.100
                    St. Louis, MO 63103
                    (314) 539-7916 (Telephone)
                    (314) 539-7895 (Facsimile)
                    Melvin.kennedy@eeoc.gov