IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CASE NO.   12-CV-1031-WDS |
| v. | ) ) |
| COMPREHENSIVE BEHAVIORAL HEALTH CENTER OF ST. CLAIR COUNTY, INC., | ) ) ) |
| Defendant. | ) |

MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a motion to intervene (Doc. 4) filed by proposed intervenor/plaintiff, Pamela Perry ("Perry"), to which the defendant has not filed a response.

BACKGROUND

The Equal Employment Opportunity Commission ("EEOC") filed this action on September 26, 2012, alleging unlawful employment practices by Comprehensive Behavioral Health Center of St. Clair County, Inc., based on disability discrimination against Perry.   The EEOC brought this action as a result of charges filed with the EEOC by Perry alleging violations of Titles I and V of the Americans with Disabilities Act of 1990 ("ADA").   In her proposed complaint (Doc. 4-1) Perry asserts that the EEOC initiated this action after an unsuccessful attempt at conciliation.   Perry now seeks to intervene in this lawsuit pursuant to Fed. R. Civ. P. 24 and 42 U.S.C. § 2000e-5(f)(1).

LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 24(a):

On timely motion, the court must permit anyone to intervene who: (1) is given an

> unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"The Civil Rights Act is one of the statutes that provides an unconditional right to intervene under Rule 24(a)(1)." *EEOC v. J.D. Streett & Co., Inc.*, No. 05 CV 4186, 2006 WL 839444, at *1 (S.D. Ill. March 29, 2006). Under 42 U.S.C. § 2000e-5(f)(1), "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . ."

## ANALYSIS

Perry claims that she is the victim of disability discrimination on whose behalf the EEOC brought the current action. Perry also claims that her right not to be subjected to discrimination in violation of the ADA is the same transaction upon which the EEOC brought this civil action, that her ability to protect her rights may be impaired or impeded by the disposition of this action, and that her interests are not adequately represented by the EEOC. Finally, Perry claims that her motion is timely filed and her intervention will not unduly delay or prejudice the adjudication of defendant's rights. Defendant did not object to her intervention, implicitly admitting that Perry may rightfully intervene. *See J.D. Streett & Co., Inc.*, 2006 WL 839444, at *1.

The Court **FINDS** that Perry has an unconditional right to intervene under Rule 24(b) and § 2000e-5(f)(1); she is an aggrieved party because she filed the charges that resulted in this cause of action. *See id.* The Court **FURTHER FINDS** that Perry's ability to protect her rights may be impaired by the disposition of this action if she is not allowed to intervene, that her interest is not adequately represented by the EEOC, and that her intervention will not unduly delay or prejudice the adjudication of defendant's rights.

## CONCLUSION

The Court, therefore, **GRANTS** Perry's motion to intervene (Doc. 4), and **ORDERS** that Perry be added as plaintiff/intervenor in this litigation. Perry **SHALL** file her complaint on or before January 11, 2013.

**IT IS SO ORDERED.**

**DATE: December 28, 2012**

                                                  /s/   WILLIAM D. STIEHL
                                                            **DISTRICT JUDGE**