**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) )  ) |
| **Plaintiff,** | ) ) |
| | ) **Case No.   12-cv-1031-JPG-SCW** |
| **and PAMELA PERRY,** | ) ) |
| **Plaintiff in Intervention,** | ) ) |
| | ) |
| **vs.** | ) ) |
| | ) |
| **COMPREHENSIVE BEHAVIORAL HEALTH CENTER OF ST. CLAIR COUNTY, INC.,** | ) ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On December 13, 2013, the Court held a discovery dispute conference to take up several disputes between the parties on Defendant's answers to Interrogatories and Requests to Produce.  The following memorializes the Court's findings and rulings at that hearing.

**A.     Interrogatories**

    **1.     Verification of Interrogatories**

Plaintiff Perry indicates that Defendant has failed to verify its answers to Plaintiff Perry's Second Interrogatories and supplemental answers to the Second Interrogatories.  The Court **DIRECTS** Defendant to provide those verifications to Plaintiff Perry by Friday, **December 20, 2013.**

    **2.     Interrogatory # 14**

Plaintiff Perry indications that Defendant has not provided a narrative answer to this

interrogatory which asks Defendant to (a) state by source and amount all grants, loans, and contracts that funded its operations, and (b) state the amount of each of the grants, loans, and contracts that funded the PSR program for fiscal years 2007, 2008, 2009, and 2010. Counsel for Plaintiff Perry indicates that while he has received documents from 2010, there are no documents from 2007, 2008, and 2009 and Plaintiff cannot find the information requested in the Interrogatory in the documents submitted by Defendant. The Court I**NSTRUCTED** Defendant to supplement its response by **December 17, 2013** by providing documents for the remaining years. As to the contents of the documents provided, without the documents in front of the Court, it is unable to ascertain whether the documents provide adequate answers to the questions posed by the interrogatory, thus meeting the requirements of Federal Rule of Civil Procedure 33(d). Counsel for Plaintiff Perry may brief the issue if he so chooses, and if so, he may contact the Court in order to set the matter for a hearing to determine a briefing schedule.

### 3. Interrogatory #18

Plaintiff's Interrogatory #18 asks Defendant to (1) identify, if it contends that Perry was uninsurable due to work-related accidents, all insurance companies who refused to insure Perry for driving Defendant's vehicles, and (2) if it contends Perry was insurable to drive but the costs were too high to cover her due to work-related accidents, to explain how and why the insurance costs were higher for Perry than for the other employees. Defendant responded to the interrogatory by stating it had no documents which were responsive to the interrogatory. The Court, however, notes that since the request is an interrogatory, Defendant was not required to provide documents. Counsel for Defendant indicated that Defendant does not contend that Perry was uninsurable for work-related accidents or that the cost of insuring Perry was too high. The Court **DIRECTED** Defendant to make a supplemental response to the interrogatory by formally answering the two questions in writing.

Defendant has until **December 17, 2013** in which to supplement its response.

**B.      Requests to Produce**

**1.      Request to Produce #11**

Plaintiff Perry also brought up disputes over Defendant's responses to numerous requests to produce.   Plaintiff's Request #11 sought agendas and minutes for management meetings from July 1, 2009 through November 20, 2010.   Counsel for Defendant indicates that she believed those documents had been turned over and will supplement her response to produce the missing documents.   The Court **DIRECTED** Defendant to produce the agendas and committee minutes for the requested dates by **December 17, 2013**.

**2.      Request to Produce #12**

Plaintiff's Request #12 sought agendas, minutes from meetings, and records showing those in attendance for coordinator meetings from July 1, 2009 to November 30, 2010.   Defendant objected that the request was overbroad.   However, the Court overruled the objection and **ORDERED** Defendant to produce the documents by **December 20, 2013**.

**3.      Request to Produce #19**

Request #19 sought unredacted agendas, minutes, and recordings of meetings of the Quality Control Team from July 1, 2009 to November 30, 2010.   The Court also overruled Defendant's objection on this request and **DIRECTED** Defendant to respond by **December 17, 2013.**

**4.      Request to Produce #25**

Request #25 also sought unredacted agendas, minutes, and recordings of meetings for board of directors and all committees from July 1, 2009 to December 31, 2012 which discussed certain topics.   Plaintiff's counsel has withdrawn his request for recordings of the meetings.   Defendant's

counsel indicates that there is only one person in the Human Resources department and that the documents are located in boxes, making the process of retrieving the documents unduly burdensome. Counsel for Defendant did indicate that the board met approximately once a month. The Court found that the request was not overly burdensome as the meetings only occurred on average once a month requiring the production of, at most, 18 agendas and minutes for the 18 month period requested. Thus, the objection was **OVERRULED** and Defendant was given until **December 20, 2013** I which to produce the documents.

5.  **Requests to Produce #'s 28, 29, and 30**

Plaintiff's Requests #'s 28, 29, and 30 seek documents that were brought up during the Jumper deposition. Counsel for the defense indicates that her client is not sure what is being sought from the requests. As an example, counsel noted that Defendant does not have a specific Medicaid contract as is requested in #29. Plaintiff's counsel indicates that Jumper mentioned these documents in her deposition. As there is some confusion between the parties as to what documents are being sought, the Court **DIRECTS** the parties to meet and confer today on the issue. The parties are instructed that if there is further disagreement after the meet and confer, then another discovery conference can be scheduled and the Court can review the deposition transcripts regarding the documents.

6.  **Requests to Produce #'s 31, 33, and 34**

Finally, Plaintiff noted that there were issues to Defendant's response to Request #'s 31, 33, and 34 which sought service reports for certain employees by one-week increments for July 1, 2008 through September 10, 2010. Defendant objected to the request arguing that it was unduly burdensome. Counsel for Plaintiff offered an example of one such service report that was produced by Defendant. The document reported service activity for each month for an entire year. Counsel

for Plaintiff agreed to limit his request to a similar search perimeter of monthly service reports. The Court **OVERRULED** Defendant's objection in part and **ORDERED** Defendant to provide **yearly** reports that reflect monthly numbers for the three individuals requested in #'s 31, 33, and 34. Defendant will have until **December 20, 2013** in which to supplemental its response.

**IT IS SO ORDERED**.
DATED: December 16, 2013.

/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
United States Magistrate Judge