IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) and PAMELA PERRY, ) ) Plaintiff in Intervention ) ) v. ) ) COMPREHENSIVE BEHAVIORAL HEALTH CENTER OF ST. CLAIR COUNTY, INC., ) ) ) ) Defendant. ) | Case No. 3:12-cv-01031-JPG-SCW |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (hereinafter the "EEOC") instituted this action alleging that Comprehensive Behavioral Health Center of St. Clair County, Inc. (hereinafter "Defendant") discriminated against Pamela Perry in violation of Sections 102(b)(1) and (b)(5)(A) of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112(b)(1) and (b)(5)(A), and Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a). Ms. Perry intervened in the lawsuit pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(f)(1).

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to

and the subject matter of this action; (ii) the requirements of the ADA will be carried out by the implementation of this Decree; (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties; and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

### I. General Provisions

1. Defendant shall not discriminate against its employees with respect to hiring, promotion, firing, compensation, or other terms, conditions, or privileges of employment on the basis of disability.

2. Defendant shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under the ADA; (b) has participated in any investigation by the Commission connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefitted or will benefit in any way as a result of this Consent Decree.

### II. Relief for Charging Party

3. For all relief claimed by the EEOC and all relief claimed by Pamela Perry in this lawsuit - to include back pay, compensatory and punitive damages, front pay, and attorney's fees – Plaintiff, Intervenor Pamela Perry will be paid $309,000.00 (the" Settlement Amount") as set forth in separate agreements resolving *CBHC v. John Gilbert & Hinshaw Culbertson LLP*, Case No. 14L1027, (Madison County Circuit Court, Illinois); *CBHC v. Great American Insurance Co.*, Case No. 13-cv-01037-JPG-DGW (S.D. Ill.).

Copies of all settlement checks – or other evidence of payment - shall be sent to the EEOC, c/o Patrick Holman, Senior Trial Attorney, 215 Dean A. McGee Ave., Suite 524,

Oklahoma City, Oklahoma, 73102; Patrick.holman@eeoc.gov.

4. It is expressly agreed that CBHC shall be solely responsible and ultimately liable for payment of the settlement amount to Plaintiff, Intervenor - as set forth above. In the event of non-payment, it is acknowledged that the monetary relief agreed to herein is a debt owed to and collectible by EEOC, an agency of the federal government, notwithstanding that Charging Party or her counsel is the ultimate beneficiary of any agreed monetary relief and notwithstanding any rights CBHC may have to indemnification from third parties.

### III. Policies, Posting and Training

5. Within forty-five (45) days of the Court's entry of this Decree, Defendant shall adopt and post policies prohibiting disability discrimination in the workplace, including a policy regarding reasonable accommodations for persons with disabilities. The policies need not be limited to, but shall include: procedures and guidelines for employees, managers, and human resources personnel to follow in requesting accommodation; in engaging in a good faith interactive process to determine whether the individual can be reasonably accommodated, and timely responding to employee requests for reasonable accommodations. In addition to individual dissemination of the adopted policies to all employees, Defendant shall post its disability discrimination policies in locations accessible to all employees, for a period of three (3) years from the date of entry of this Decree.

6. Defendant shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in locations visible to all employees, for a period of three (3) years, from the date of entry of this Decree.

7. In each year of the three (3) year term of this Decree, Defendant shall provide live training to all of its human resource, management and supervisory employees on the topics of

disability discrimination and reasonable accommodation under the ADA. The contents of such training and the trainer(s) shall be pre-approved by the EEOC.

### IV. Reporting, Record-keeping, and Access

8. Within six (6) months of the date of entry of this Decree, and every 6 months thereafter for the duration of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis Office, a report listing the name of each applicant or employee who requested an accommodation for his or her medical condition, the date and nature of such request, whether or not he or she was accommodated and the nature of the accommodation provided, or if not accommodated, the reasons why he or she was not accommodated, the date of termination, if applicable, and reason(s) for termination.

9. Within forty-five (45) days of the entry of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming that the relief set forth in Section II has been provided and policies and posters have been posted as required by Section III.

10. Defendant shall be solely responsible for timely arranging and scheduling the annual training set forth in Section III ¶ 7, as well as for providing an appropriate space for said training and the mandatory attendance of employees required to undergo said training.

11. During the term of this Decree, Defendant shall allow representatives of the EEOC to review Defendant's compliance with this Decree, with sufficient notice and at a mutually agreed time, not more than five (5) days from the date of the notice. Such compliance review may include an EEOC visit to Defendant's premises when requested by EEOC.

### V. Term and Effect of Decree

12. By entering into this Decree the parties do not intend to resolve any charges of

discrimination currently pending before the Commission other than Charge Numbers 846-2010-40303 filed by Pamela Perry against Defendant.

13. This Decree shall be binding upon the parties hereto, their successors and assigns. Defendant shall affirmatively notify any purchasers of the obligations of this Consent Decree prior to any sale which may take place.

14. This Decree shall be for a period of three (3) years. During the Decree's term the Court shall retain jurisdiction of this cause for purposes of compliance.

15. Each party shall bear that party's own costs and attorneys' fees.

**IT IS SO ORDER.**

**DATE**:   12/30/2014

                                               s/J. Phil Gilbert
                                               **J. PHIL GILBERT,**
                                               **DISTRICT JUDGE**